29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martel Frances BEASLEY, Defendant-Appellant.
 No. 93-50573.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1994.*
Decided June 29, 1994.
 
 Before: FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martel Frances Beasley was charged with possession with intent to distribute cocaine, under 21 U.S.C. Sec. 841(a)(1). The district court denied his motion to suppress evidence, and Beasley entered a conditional guilty plea. Beasley now appeals the district court's denial of his motion to suppress on grounds that the government's agents did not have reasonable suspicion to stop him.
 
 
 3
 "We review a district court's ruling on the lawfulness of a seizure de novo...." United States v. Gonzales, 979 F.2d 711, 712 (9th Cir.1992). Generally, "[s]o long as a reasonable person would feel free 'to disregard the police and go about his business,' ... the encounter is consensual and no reasonable suspicion is required." Florida v. Bostick, 111 S.Ct. 2382, 2386 (1991) (citation omitted). However, where an individual's freedom of movement is restricted by a factor independent of police conduct (i.e. by being a passenger on a plane), "the appropriate inquiry is whether a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter." Id. at 2387; see also Gonzales, 979 F.2d at 713.
 
 
 4
 In the instant case, the record indicates that after boarding the plane, DEA agents told Beasley he was free to leave, but asked whether they could ask him some questions. Beasley agreed. The agents next asked if they could see Beasley's ticket. Beasley agreed and produced his ticket. Although the Ninth Circuit has held that the "retention of an airplane ticket 'beyond the interval required for the appropriate brief scrutiny, may constitute a "watershed point" in the seizure question,' " United States v. Low, 887 F.2d 232, 235 (9th Cir.1989), retention of Beasley's ticket did not constitute a seizure. By the time the officers asked Beasley if they could see his ticket, Beasley had already surrendered his ticket to the airline and boarded the airplane. Thus, the agents' retention of the ticket did not prevent Beasley from doing anything he otherwise would have done, so it did not convey the message that compliance with the agents' requests was required. See Bostick, 111 S.Ct. at 2388. There was no seizure. The encounter was consensual. Therefore, we need not consider whether the officers had reasonable suspicion.[1]
 
 
 5
 We AFFIRM.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Nevertheless, even if the agents' retention of Beasley's ticket constituted an investigatory stop, the investigating officers had reasonable suspicion to detain Beasley. See United States v. Sokolow, 490 U.S. 1, 7 (1989). Appellant argues the factors the government used to support its showing of reasonable suspicion were not sufficient because most pertained to an unknown ticket purchaser, not to Beasley. However, in evaluating the validity of a search, a court must consider the totality of the circumstances. Id. at 8-10. Thus, because the agents saw Beasley walking a few feet in front of the ticket purchaser, knew Beasley boarded the plane and the ticket purchaser did not, and had confirmed that the person travelling under the name of Charles Thomas had boarded the plane, it was reasonable for the agents to believe Beasley was connected with the ticket purchaser